IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LEONARDO BAUTISTA,** | : | |
| Petitioner | : | |
| | : | No. 1:22-cv-01688 |
| v. | : | |
| | : | (Judge Kane) |
| **STEPHEN SPAULDING,** | : | |
| Respondent | : | |

**MEMORANDUM**

Pro se Petitioner Leonardo Bautista ("Petitioner") has commenced the above-captioned action by filing a petition for a writ of habeas corpus pursuant to the provisions of 28 U.S.C. § 2241 ("Section 2241"). He asserts that the Federal Bureau of Prisons ("BOP") has wrongfully denied him federal time credits under the First Step Act of 2018 ("First Step Act"). Because Petitioner failed to exhaust his administrative remedies before petitioning the Court for a writ of habeas corpus pursuant to Section 2241, his petition will be dismissed.

**I.    BACKGROUND**

Petitioner is serving a twenty-four (24) month term of imprisonment imposed by the United States District Court for the Southern District of New York for conspiracy and possession with intent to distribute fentanyl. (Doc. No. 9-1 at 3, ¶ 3.) According to BOP documentation submitted by Respondent, Petitioner entered BOP custody on September 21, 2021 (Doc. No. 9-1 at 6), and his projected release date, via good conduct time, was May 29, 2023 (id. at 5). However, a review of the BOP's inmate locator indicates that Petitioner's projected release is now July 9, 2023.[1]

---

[1] The BOP's inmate locator can be accessed at the following address: https://www.bop.gov/inmateloc/.

On October 26, 2022, while Petitioner was incarcerated at the Federal Prison Camp at United States Penitentiary in Lewisburg, Pennsylvania ("FPC Lewisburg"), he filed his Section 2241 petition (Doc. No. 1) and attached exhibits (Doc. Nos. 1-1 through 1-5). He subsequently paid the requisite filing fee. (Doc. No. 4.) In response, the Court, inter alia, deemed the petition filed, directed service of the petition on Respondent, and instructed Respondent to respond to the allegations in the petition within twenty (20) days. (Doc. No. 7.) On December 16, 2022, Respondent filed a response, asserting that the Court should dismiss the petition because Petitioner did not exhaust his administrative remedies before petitioning the Court and, alternatively, because the petition is without merit since Petitioner is not entitled to the application of his federal time credits under the First Step Act. (Doc. No. 9.) As reflected by the docket, Petitioner has not filed a reply, and the time period for doing so has passed. Thus, the instant Section 2241 petition is ripe for the Court's resolution.

**II.    DISCUSSION**

Generally speaking, Section 2241 confers federal jurisdiction over a habeas petition that has been filed by a federal inmate who challenges "not the validity but the execution of his sentence." See Cardona v. Bledsoe, 681 F.3d 533, 535 (3d Cir. 2012) (citations and footnote omitted); Woodall v. Fed. Bureau of Prisons, 432 F.3d 235, 241 (3d Cir. 2005) (stating that Section 2241 "allows a federal prisoner to challenge the 'execution' of his sentence in habeas"). While "the precise meaning of 'execution of the sentence' is hazy[,]" see id. at 242, the United States Court of Appeals for the Third Circuit ("Third Circuit") has defined this phrase to mean "put into effect" or "carry out." See id. at 243 (citation and internal quotation marks omitted).

As a result, a federal inmate may challenge conduct undertaken by the BOP that affects the duration of the inmate's custody. See, e.g., Barden v. Keohane, 921 F.2d 476, 478-79 (3d

Cir. 1990) (finding that a federal inmate's petition is actionable under Section 2241, where the inmate attacks the term of his custody by challenging the manner in which the BOP is computing his federal sentence); United States v. Vidal, 647 F. App'x 59, 60 (3d Cir. 2016) (unpublished) (stating that, "[b]ecause [the federal inmate's] claim challenges the BOP's calculation of sentence credits, it is appropriately addressed in a petition for a writ of habeas corpus pursuant to [Section] 2241" (citation omitted)).

As such, Petitioner's claim that the BOP incorrectly calculated his federal sentence by denying him time credits under the First Step Act is properly brought pursuant to the provisions of Section 2241. (Doc. No. 1.)  However, even if properly brought pursuant to those provisions, Petitioner was still required to exhaust his administrative remedies.  For the reasons discussed below, the Court agrees with Respondent that Petitioner failed to do so with respect to his instant claim.

While there is no statutory exhaustion requirement for habeas corpus petitions brought pursuant to Section 2241, the Third Circuit has recognized that "[f]ederal prisoners are ordinarily required to exhaust their administrative remedies before petitioning for a writ of habeas corpus pursuant to [Section] 2241."  See Moscato v. Federal Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996) (citations omitted); Callwood v. Enos, 230 F.3d 627, 634 (3d Cir. 2000).  Exhaustion is required because: "(1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy."  See Moscato, 98 F.3d at 761-62 (citations omitted); Bradshaw v. Carlson, 682 F.2d 1050, 1052 (3d Cir. 1981).

However, exhaustion of administrative remedies is not required where these underlying reasons for exhaustion would not be served. See id. (citations omitted); Coleman v. U.S. Parole Comm'n, 644 F. App'x 159, 162 (3d Cir. 2016) (unpublished). "For example, exhaustion may be excused where it 'would be futile, if the actions of the agency clearly and unambiguously violate statutory or constitutional rights, or if the administrative procedure is clearly shown to be inadequate to prevent irreparable harm.'" See Brown v. Warden Canaan USP, 763 F. App'x 296, 297 (3d Cir. 2019) (unpublished) (quoting Lyons v. U.S. Marshals, 840 F.2d 202, 205 (3d Cir. 1988)).

In order to exhaust administrative remedies, a federal inmate must comply with the procedural requirements of the BOP's administrative remedy process, which are set forth in the Code of Federal Regulations. See generally 28 C.F.R. §§ 542.10-542.19. Under these regulations, an inmate shall first attempt informal resolution of his complaint with staff and, if the inmate is unable to resolve his complaint informally, he shall submit a formal, written request on the proper form to the designated staff member. See id. §§ 542.13-542.14. If the inmate is not satisfied with the Warden's response, the inmate shall then submit an appeal to the Regional Director, using the appropriate form. See id. § 542.15(a). And, finally, if the inmate is not satisfied with the Regional Director's response, then the inmate shall submit an appeal to the Office of the General Counsel, located in the BOP Central Office, using the appropriate form. See id. An inmate is not deemed to have exhausted his administrative remedies until his complaint has been pursued at all levels. See id. (explaining that an "[a]ppeal to the General Counsel is the final administrative appeal").

Here, the record reflects that, while Petitioner has filed two (2) administrative remedies during his confinement, he has not filed an administrative remedy related to his request for

federal time credits under the First Step Act. See (Doc. No. 9-1 at 4, ¶ 5; id. at 8-9 (containing the "Administrative Remedy Generalized Retrieval" report for Petitioner)).² Thus, because the record reflects that Petitioner has not filed such an administrative remedy, there is no basis upon which the Court could conclude that he properly or fully exhausted his remedies in accordance with the BOP's administrative remedy process.

Petitioner appears to concede that he did not exhaust his administrative remedies before filing his petition in this Court (Doc. No. 1 at 1-2) and, instead, argues that he should be excused from having done so because exhaustion would be futile and would cause him irreparable harm (id. at 2). The Court agrees with Respondent, however, that Petitioner has not demonstrated that he should be excused from exhausting his administrative remedies. (Doc. No. 9 at 6-7.) In particular, the Court finds that Petitioner has not alleged any facts from which the conclusion could be drawn that requiring him to resort to his administrative remedies would be futile, that the BOP has clearly and unequivocally violated his statutory or constitutional rights,³ or that the BOP's administrative remedy procedure is inadequate to prevent irreparable harm to him.

---

² "The BOP maintains a database known as the SENTRY Inmate Management System ('SENTRY')." See Torres v. Spaulding, No. 3:22-cv-01701, 2022 WL 17477084, at *2 (M.D. Pa. Dec. 6, 2022). During "the ordinary course of business, computerized indexes of all formal administrative remedies filed by [BOP] inmates are maintained by the Institution, Regional, and Central Offices." See id. SENTRY, in turn, "generates a report titled 'Administrative Remedy Generalized Retrieval[,]' which allows codes to be entered to identify the reason or reasons for rejecting a request for administrative relief." See id.

³ Respondent argues that Petitioner is ineligible for federal time credits under the First Step Act because Petitioner's judgment and commitment order reveals that he was convicted of conspiracy to distribute and possession with intent to distribute fentanyl. (Doc. No. 9 at 7-8; Doc. No. 9-1 at 4, ¶¶ 8-9.) Respondent further argues that this conviction makes Petitioner ineligible to earn federal time credits under specific provisions of the First Step Act. (Doc. No. 9 at 8 (citing 18 U.S.C. § 3632(d)(4)(D)(lxvi)). Petitioner, however, has not filed a reply or otherwise disputed this argument and, thus, he has not "'clearly and unequivocally'" demonstrated that the BOP has violated statutory or constitutional rights. See Brown, 763 F. App'x at 297 (quoting Lyons v. U.S. Marshals, 840 F.2d at 205).

In addition, because Petitioner contends that the BOP should be ordered to calculate and apply his federal time credits to his sentence, the Court finds that he must first present this request to BOP officials so that they can determine whether he is eligible for such credits under the First Step Act and, if so, how many credits he has earned.  See Moscato, 98 F.3d at 761-62 (explaining that exhaustion is required because, among other things, it provides "agencies the opportunity to correct their own errors[,]" thereby fostering "administrative autonomy" (citations omitted)); Bradshaw, 682 F.2d at 1052 (explaining that the Third Circuit has "adhered to the exhaustion doctrine for several reasons[,]" including "administrative autonomy[, which] requires that an agency be given an opportunity to correct its own errors" (citations and internal quotation marks omitted)).

Thus, for all of these reasons, the Court concludes that Petitioner's Section 2241 petition is subject to dismissal for failure to exhaust administrative remedies.  See Laguerra v. Spaulding, No. 21-cv-01116, 2022 WL 68390, at *2 (M.D. Pa. Jan. 6, 2022) (concluding that Section 2241 petitioner had failed to exhaust his claim seeking an award of federal time credits under the First Step Act because he had presented no facts that the BOP violated statutory or constitutional rights or that exhausting his administrative remedies would subject him to irreparable injury).

Finally, the Court notes that, according to the BOP's inmate locator, Petitioner is no longer incarcerated at FPC Lewisburg in Pennsylvania and is now in the custody of "New York RRM."  In other words, Petitioner's current custodian is the Residential Reentry Management field office in New York, which is located outside this Court's jurisdiction.  See 28 U.S.C. § 2241(a); Bruce v. Warden Lewisburg USP, 868 F.3d 170, 178 (3d Cir. 2017) (stating that "district courts may only grant habeas relief against custodians 'within their respective jurisdictions'" (quoting 28 U.S.C. § 2241(a) and citing Braden v. 30th Judicial Circuit Court of

6

Ky., 410 U.S. 484, 495 (1973) for the following proposition: Section 2241(a) "requires nothing more than that the court issuing the writ have jurisdiction over the custodian")). Accordingly, if Petitioner wishes to refile his Section 2241 petition after exhausting his administrative remedies, then he shall file his petition in the federal district where his custodian is located.[4]

## III.    CONCLUSION

For the foregoing reasons, the Court will dismiss Petitioner's Section 2241 petition. (Doc. No. 1.) An appropriate Order follows.

---

[4] To the extent that the BOP's administrative remedy process is no longer available to Petitioner, the Court notes that he has not argued, much less shown, cause for his procedural default. That is, Petitioner has not shown that some objective, external factor hindered his efforts to comply with the BOP's administrative remedy process. See Moscato, 98 F.3d at 760-62 (stating that, "if a prisoner has failed to exhaust his administrative remedies due to a procedural default and the default renders unavailable the administrative process, review of his habeas claim is barred unless he can demonstrate cause and prejudice" (citation omitted)); Murray v. Carrier, 477 U.S. 478, 488 (1986) (explaining that the existence of cause turns on whether a petitioner can show that some objective, external factor impeded his efforts to comply with the BOP's administrative remedy process). And, because Petitioner has not shown such cause, the Court need not address the issue of prejudice.